

TRINITY CENTRE
115 BROADWAY, 17TH FLOOR
NEW YORK, NY 10006
TEL: (212) 566-1000
FAX: (212) 566-1068

June 13, 2017

**VIA EMAIL**
U.S. Attorney's Office for EDNY
Whitman Knapp. AUSA
271 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Vitaly Korchevsky</u>
                15 Cr. 381 (RJD)

Dear Mr. Knapp:

      In preparation for our upcoming trial, we have been extensively reviewing the voluminous discovery connected with this matter.  Despite your receptiveness thus far, I believe that there is discovery outstanding that will assist us to identify with sufficient particularity the nature of the charge pending against him, enable us to prepare for trial, and prevent surprise during the course of the trial.  In accordance with local rules, please allow this letter to specify our requested items of discovery and provide you with an opportunity to address these requests. Therefore, we request the following:

With respect to Mr. Korchevsky's membership in the alleged instant conspiracy, the government should identify:

    a. the approximate date and location of any meeting, conversation, or any other sort of activity, at which the Government will contend that Mr. Korchevsky joined the Wire Fraud, Securities Fraud conspiracies;

    b. the approximate date and location of any meeting, conversation, or any other sort of activity, at which the Government will contend that Mr. Korchevsky joined the Computer Intrusion conspiracy;

    c. the approximate date and location of any meeting, conversation, or any other sort of activity, at which the Government will contend that Mr. Korchevsky joined the Money Laundering conspiracy;

    d. the government should identify any allegedly coded language that it contends was used by any member of the conspiracy.

With respect to Mr. Korchevsky and his alleged indicted/unindicted co-conspirators, and unknown individuals and screen names contained in the discovery, the government should identify:

    a. all known co-conspirators not included in the charging instruments, and what is their role within the instant conspiracy;

    b. exchanged screen names, and email addresses, listed as follows, contained in the discovery, and what the role or connection of those identifiers is within the conspiracy:

        i. "Bosiuk"
        ii. "Tovach"
        iii. "Rostyslav Velychko"
        iv. "Alex.Boesky@gmail.com"
        v. "N0klos" (Facebook)
        vi. "warningggp@gmail.com"
        vii. "David.Amaryan@gmail.com"
        viii. "DaneWinters@hotmail.com"
        ix. "Andrey Logachev"
        x. "Janna Sergeevna Risch"
        xi. "Andrey Shemetov@aton.ru"
        xii. "Pauloo333@gmail.com"
        xiii. "Demetry Aleksandrovich Chastin"
        xiv. "Albor495@gmail.com"
        xv. "alexwfj1@yahoo.com"
        xvi. "rugevo@gmail.com"
        xvii. "A. Schreiner"
        xviii. "N. Shah"
        xix. "J. Cybulko"
        xx. "Y. Haviv"
        xxi. "S. Walfisz"
        xxii. "Roman Lavlinskiy@gmail.com"
        xxiii. "Jurij Cybulko"
        xxiv. "greatware@gmail.com"
        xxv. "greygoosedoor@msn.com"
        xxvi. "Nps50K@gmail.com"
        xxvii. "Trask2@ZAHAV.NET.IL"
        xxviii. "Joe Zheng"
        xxix. "Nickolai Slepenkov"
        xxx. "Rafael Gidron"
        xxxi. "Artem Efremov"

        xxxii. "Boris Ozerski"
        xxxiii. "Almontang@gmail.com"
        xxxiv. "Almonsnow, Vaiobro, Uaxakep, Antkleo, Shaback" (gmail accounts)
        xxxv. "as65qwerty@gmail.com"
        xxxvi. "kulnev1989@gmail.com"
        xxxvii. "vlp2000@gmail.com"
        xxxviii. "raketa78@gmail.com"
        xxxix. "liza@businesswire@gmail.com"
        xl. "Vadym Lermolovych"
        xli. "olivedefenders@gmail.com"
        xlii. "positive1110@gmail.com"
        xliii. "sergematveev, sergem105" (gmail accounts)
        xliv. "albor495, algo495, bilbrown599, bkasper888, dcf2022, market2013, paulo333 – (Gmail accounts)
        xlv. "HsonicH" – (Twitter)
        xlvi. "nadalbiz@ymail"
        xlvii. "vvittorioo, gashion_kitchen, SDU, Ctacok, Alutachi" – (Twitter accounts)
        xlviii. "hzorkah" – (Skype account)
        xlix. "Jwilliamsmccherry" – (gmail)
        l. "Juilo Tamayo"
        li. Oleksandr.ieremenko@gmail.com
        lii. "Julia Korol"
        liii. vaer@ukr.net (dimdim11) – (Instagram account)
        liv. sfincks@mail.ua
        lv. ivan@emehanika.biz – ( Dropbox account)
        lvi. "kuntsinna777" – (gmail)
        lvii. Lowisnettles" – (gmail)

    c. all traders, indicted or otherwise, that the government is aware of who traded on the alleged hacked information from the press releases from the newswire services;

With respect to each trade that the government alleges was transacted with non-public information, the government should disclose:

    a. the particular stocks and trades the government contends were made based on inside information;

    b. the type of trade executed;

    c. the number of shares or contracts traded;

    d. the date and time of the closing of the position;

    e. the number of shares traded when the position was closed;

With respect to each press release that the government alleges was the predicate for an improper trade, the government should disclose:

    a. the full, actual press release, drafted and submitted by each company at issue in this case, <u>before</u> they were submitted to the financial news services;

    b. the full and actual press releases as they appeared on the PRN, MW and BW servers when they were "hacked;"

    c. any documentation that Mr. Korchevsky was in possession of any press release prior to its public distribution;

    d. any documentation that Mr. Korchevksy accessed any server, account or device containing a press release prior to its public distribution;

    e. any and all forms of communication demonstrating how Mr. Korchevsky received the alleged material non-public information (MNPI) contained in a press release prior to its public distribution;

With respect to any allegation, in item e above, that Mr. Korchevsky received MNPI, the government should disclose:

    a. the specific information Mr. Korchevsky received in relation to each of the improper trades he allegedly executed;

    b. the specific date and time at which Mr. Korchevsky received the alleged non-public information in relation to each alleged improper trade;

With respect to the alleged computer intrusion (hacking) into the PRN, BW, and MW computer servers, please indicate:

    a. the date and year the government discovered the computer intrusion with respect to each of the financial news services

    b. the circumstances surrounding how the government discovered the computer intrusion with respect to each of the financial news services;

    c. the role played by United States Secret Service in identifying evidence of any computer intrusion relating to PRN, MW and BW;

      d. any evidence directly connecting Mr. Korchevsky, either by IP address or otherwise, with any attempted or completed computer intrusion or hacking of a PRN, MW and BW server;

With respect to the transferring of money among the members of the conspiracy, the government should disclose:

      a. any benefit it contends any co-defendant, including any hackers, received from another co-defendant as part of alleged illegal conduct;

      b. the date, time and mechanism relating to every exchange of money between non-hacker co-defendants;

      c. the date, time and mechanism relating to every exchange of money made from co-defendants to hackers;

      d. the date, time, and mechanism relating to every exchange of money from VK to other co-defendants, including hackers;

      e. the specific nature, time, date and location of each of the "financial transactions" alleged to involve the "proceeds of specified unlawful activity;"

      f. the specific nature of the "unlawful activity" allegedly involved in each of the transactions listed above;

      g. the specific type of "property" involved in each transaction; and

      h. the role, if any, that Mr. Korchevsky allegedly played in any transaction.

With respect to the money laundering counts, the government should disclose:

      a. the evidence supporting the intention to conceal or disguise the nature, location, source, ownership, and control of proceeds from an alleged specified unlawful activity;

      b. the specific place or places where Mr. Korchevksy transported, transmitted or transferred funds in derived from this alleged conspiracy;

23. With respect to the forfeiture allegations, please identify:

    a. the value and nature of the "property" subject to forfeiture and basis upon which it is subject to forfeiture;

    b. whether any such property was obtained "directly or indirectly, as a result of the offense."

    c. all documents establishing the funds or property actually acquired or obtained by Mr. Korchevsky directly connected to the alleged crime

Moreover, we further request additional discovery that fall under Rule 16, namely:

1. Material in the possession of the SEC, such as any document, report, and defendant statements (because a prosecutor will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant.);

2. Expert Witnesses - a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications;

3. A full translation of all emails and other documents, previously exchanged, that are not in English.

If possible, given our motion schedule, kindly respond to these requests at your earliest convenience   Thank you for your cooperation and understanding.

Very truly yours,

SULLIVAN & BRILL, LLP

_____
By: Steven Brill

Case 1:15-cr-00381-RJD-RER   Document 174-2   Filed 06/16/17   Page 7 of 7 PageID #: 1136