**COURT EXHIBIT**

_____/_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

--------------------------------------------------X

UNITED STATES OF AMERICA,

                                                                    JURY INSTRUCTIONS
                                                                    15-CR-381 (S-1) (RJD)

          -against-

VITALY KORCHEVSKY and

VLADISLAV KHALUPSKY,

                              Defendants.

--------------------------------------------------X

JURY CHARGE

MEMBERS OF THE JURY:

Now that the evidence has been presented and the attorneys have concluded their closing arguments, it is my responsibility to instruct you on the law that governs this case.

First, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

Second, I will instruct you as to the elements of the crimes charged in the indictment— that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

Third, I will give you some important principles to use during your deliberations.

Shortly after you retire for your deliberations, I will provide you with several copies of these instructions, but I invite your close attention now.

## PART ONE: GENERAL RULES

### FUNCTION OF JURY

Let me remind you that in accordance with your oath as jurors it is your duty to follow the law as I state it.  You have the important responsibility to judge the facts.  And you alone are the judges of the facts—not counsel—not I.

### COURT HAS NO VIEW

I express no view whether the defendants are guilty or not guilty.  You should not draw any inference or conclusion as to whether they are guilty or not guilty from anything I may have said or done.  You will decide the case solely on the evidence and the law.

2

## PARTIES EQUAL

The prosecution is brought in the name of the United States, but that does not entitle the government to any greater consideration than the defendants.  The government and the defendants are equal before this Court.  They are entitled to equal consideration.

## DEFENDANTS TO BE CONSIDERED SEPARATELY

Members of the jury, as you know, two defendants are on trial in this case.  You must consider the case against each defendant separately.  In effect, two separate trials have taken place before you. Understand, then, from now on, when I use the term "the defendant" or "a defendant," I refer to each defendant unless I indicate otherwise.

## NO BIAS

You must not be influenced by sympathy, prejudice, or public opinion.  I remind you at the outset that each of you has undertaken a solemn obligation, a sworn obligation, to decide this case solely on the evidence.  You must carefully and impartially consider the evidence, follow the law as I state it, and reach a just verdict, regardless of the consequences.

## INDICTMENT ACCUSATION ONLY

An indictment is merely an accusation in writing.  It is not evidence of guilt.  It is entitled to no weight in your determination of the facts.  The defendants have pleaded not guilty, thereby placing in issue the allegations in the indictment.

BURDEN OF PROOF

The government has the burden of proving guilt beyond a reasonable doubt. This burden never shifts to the defendants. The defendants do not have to prove their innocence; they need not have submitted any evidence at all, including calling any witnesses.

DEFENDANTS' RIGHT NOT TO TESTIFY

In addition, the law does not compel a defendant in a criminal case to take the witness stand and testify; no presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendants did not testify.

It was the constitutional right of the defendants not to take the witness stand. I charge you that you must not allow this fact in any way to prejudice the defendants, and you must not consider it as an indication, admission, evidence, or inference of guilt. Simply put, the fact that the defendants did not testify must never in any way enter into your deliberations or discussions.

REASONABLE DOUBT

I have said that the government must prove the defendants guilty beyond a reasonable doubt. The question, naturally, is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

4

A reasonable doubt is not a caprice or whim; it is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

## PRESUMPTION OF INNOCENCE

The law presumes the defendants innocent of the charges against them. I therefore instruct you that the defendants are to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven a defendant guilty beyond a reasonable doubt with respect to the offense you are considering. This presumption of innocence alone is sufficient to find a defendant not guilty unless you are unanimously convinced beyond a reasonable doubt of the defendant's guilt, after a careful and impartial consideration of the evidence in this case.

## WHAT IS EVIDENCE

The evidence has come in several forms:

     A. Sworn testimony of witnesses, both on direct and cross-examination;

     B. Exhibits that have been received in evidence;

     C. Facts to which the lawyers have agreed or stipulated.

WHAT IS NOT EVIDENCE

The following things are not evidence and you should disregard them in determining the facts:

    A. Arguments or statements by lawyers are not evidence.

    B. Questions put to the witnesses, standing alone, are not evidence.

    C. Objections to the questions or to offered exhibits are not evidence.

In this regard, attorneys have a duty to their clients to object when they believe evidence should not be received. You should not be influenced by the objection or by the Court's ruling on it. If the objection was sustained, ignore the question and any answer that may have followed. If the objection was overruled, treat the answer like any other answer.

    D. Testimony that has been stricken or that you have been instructed to disregard is not evidence, and must be disregarded.

    E. If evidence has been received for a limited purpose, you must follow any instruction I have given concerning your consideration of that evidence.

    F. Obviously, anything you may have seen or heard outside the courtroom is not evidence.

    G. Nothing I have said or done should be used by you in inferring innocence or guilt. To repeat, I have no view of the guilt or innocence of the defendants, and if I conveyed any impression to you, it must be disregarded.

TYPES OF EVIDENCE

There are, generally speaking, two types of evidence from which you may find the truth as to the facts. One is direct evidence—such as the testimony of an eyewitness or participant.

The other is indirect or circumstantial evidence—evidence of facts and circumstances from which it is reasonable to infer or deduce connected facts that reasonably follow in the common experience.

CIRCUMSTANTIAL EVIDENCE

There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  The courtroom has no windows and you could not look outside.

As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet.  Now, you cannot look outside of the courtroom to see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

You infer on the basis of reason, experience and common sense from an established fact or facts the existence or the nonexistence of some other fact.

There is no distinction between the weight to be given to direct evidence and the weight to be given to circumstantial evidence.  No greater degree of certainty is required of circumstantial evidence than of direct evidence.

STIPULATIONS

When the attorneys on both sides stipulate, that is, agree, to the existence of a fact, you the jury must accept the stipulation and consider the fact as proven.

7

When the attorneys stipulate that a witness, if called, would have given certain testimony, the jury must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect or weight given to that testimony.

WEIGH ALL EVIDENCE

You should weigh all the evidence in the case.  After considering the evidence, or the lack of evidence, if you are not convinced of the guilt of a defendant beyond a reasonable doubt with respect to a charge, then you must find him not guilty of that charge.  On the other hand, if you are convinced beyond a reasonable doubt that a defendant is guilty of an offense charged in the indictment, then you should find him guilty of that charge.

## PART TWO: THE INDICTMENT

I will now turn my attention to the specific charges in the indictment.  The indictment contains 5 counts for your consideration.

SEPARATE COUNTS

A separate crime is charged in each count.  You must consider each count with respect to each defendant separately and you must return a separate verdict on each defendant for each count.  The fact that you may find a defendant guilty or not guilty as to one of the offenses charged does not determine your verdict as to the other offenses charged against him, or the other defendant on trial.

DATES APPROXIMATE

As we proceed through the indictment, you may notice that it charges that the offenses occurred "in or about" and "between" certain dates or "on or about" certain dates.  The proof need not establish with certainty the exact dates of the alleged offenses.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

KNOWINGLY AND INTENTIONALLY

Before I explain to you the elements of each charged offense, I will highlight for you critical elements, common to all charges.

The government must prove that the defendants acted knowingly and intentionally.

An act is done "knowingly" if it is performed voluntarily and deliberately, and not because of ignorance, mistake, negligence, accident or any other innocent reason.  It is not

9

necessary that the person performing the act have known that he was breaking any particular law; he need only have known what he was doing and been aware of the general unlawful nature of the action.

A person acts "intentionally" if he acts willfully and with the specific intent to do something the law forbids. That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

THE CHARGES

Count One of the indictment charges the defendants VITALY KORCHEVSKY and VLADISLAV KHALUPSKY, and others, with participating in a conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1343 and 1349, and Section 3551 et seq.

Count Two charges the defendants VITALY KORCHEVSKY and VLADISLAV KHALUPSKY, and others, with participating in a conspiracy to commit securities fraud and computer intrusions, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Sections 371 and 3551 et seq.; and Title 18, United States Code, Sections 1030(a)(2), 1030(b), 1030(c)(2)(A), and 1030(c)(2)(B).

Counts Three and Four of the indictment charge the defendants VITALY KORCHEVSKY and VLADISLAV KHALUPSKY with substantive offenses of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Sections 2 and 3551 et seq.

10

Count Five of the indictment charges the defendants VITALY KORCHEVSKY and

VLADISLAV KHALUPSKY with participation in a conspiracy to commit money laundering, in

violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(a)(2)(B)(i), and

Sections 1956(h) and 3551 et seq.

## THE COUNTS

I will now explain the law that applies to each of the five counts in the indictment.

## I.    **COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD**

Count One of the indictment charges the defendants VITALY KORCHEVSKY and

VLADISLAV KHALUPSKY with conspiracy to commit wire fraud.

Specifically, Count One states:

> In or about and between February 2010 and August 2015, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants VITALY
> KORCHEVSKY and VLADISLAV KHALUPSKY, together with
> [  ] others, did knowingly and intentionally conspire to execute a
> scheme and artifice to defraud [PR Newswire, Marketwired, and
> Business Wire (the "Victim Newswires"), and the companies
> whose press releases the Victim Newswires were responsible for
> distributing to the public (the "Target Companies")], and to obtain
> money and property from the Victim Newswires and the Target
> Companies by means of materially false and fraudulent pretenses,
> representations and promises, and for the purpose of executing
> such scheme and artifice, to transmit and cause to be transmitted
> by means of wire communication in interstate and foreign
> commerce, writings, signs, signals, pictures and sounds, contrary
> to Title 18, United States Code, Section 1343.

A.    The Statute

> 18 U.S.C. § 1343 provides, in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or
> artifice to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises,

11

transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of an offense].

18 U.S.C. § 1349 provides, in pertinent part:

Any person who attempts or conspires to commit [wire fraud] shall [be guilty of an offense].

B.    Definition of Conspiracy

When the government charges a defendant with conspiracy, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully conspired with another or others to accomplish an unlawful act.

The government has charged three separate counts of conspiracy in the indictment—Counts One, Two, and Five.  These instructions as to conspiracy apply to all three of those counts.

A conspiracy is a kind of criminal partnership—a combination or agreement between two or more persons to join together to accomplish a common objective that they know is unlawful. You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy.  That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime.  Thus, if a conspiracy exists, even if it should fail in achieving its purpose, it is still punishable as a crime.

ELEMENTS OF A CONSPIRACY

In order to satisfy its burden of proof on Count One, the government must establish each of the following three elements beyond a reasonable doubt:

12

First, that that there was a conspiracy or agreement involving two or more persons;

Second, that the defendant knowingly and willfully was or became a member of the conspiracy; and

Third, that the objective of the conspiracy was to commit an unlawful act.

Let me start with the first element. A conspiracy is a combination or agreement of two or more persons to accomplish an unlawful purpose. While conspiracy involves an agreement to violate the law, the government need not prove that the person charged entered into an express or formal agreement, or that he stated, orally or in writing, what the scheme was, or how it was to be accomplished. It is sufficient to show that he came to a mutual understanding with another or others to bring about an unlawful act. You may infer such an agreement – or conspiracy – from the circumstances and conduct of the parties, since ordinarily a conspiracy is secret.

The second element that the government must prove is that a defendant became a member of the conspiracy with knowledge of its criminal goal, willfully, and intending by his actions to help it succeed.

An act is done "willfully" if it is done knowingly and purposely with intent to do something the law forbids, that is to say, with a bad purpose either to disobey or disregard the law.

And again, an act is done "knowingly" if it is done voluntarily and intentionally, and not because of a mistake or accident or other innocent reason. A person acts intentionally if he acts with the specific intent to do something the law forbids. The person need not be aware of the

specific law or rule that his conduct may be violating, but he must act with a specific intent to do whatever it is the law forbids.

 To become a member of the conspiracy, a defendant need not have known the identities of every member, nor need he have been apprised of all their activities.  Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.

The extent or duration of a defendant's participation has no bearing on the issue of a defendant's guilt.  An equal role is not what the law requires.  If you find that the conspiracy existed and if you further find that a defendant participated in it knowingly and willfully, the extent or degree of his participation is not material.  Moreover, it is not required that a person be a member of the conspiracy from its very start, or that he participate in the conspiracy throughout its entire duration.

I want to caution you, however, that a defendant's mere presence at the scene does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member.  A person may know or be friendly with a criminal without being a criminal himself.  Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further want to caution you that mere knowledge of or acquiescence in the unlawful plan, without participation, is not sufficient.  The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make a defendant a member.  More is required under the law.  What is necessary is that a defendant must

14

have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised or assisted in it for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

The third element that the government must prove beyond a reasonable doubt is that the conspiracy was to commit an unlawful act.  Count One charges a conspiracy to commit wire fraud, which I will now explain.

### C.   Wire Fraud: Definition and Elements

To determine whether the government has proved beyond a reasonable doubt that the defendants engaged in the conspiracy charged in Count One, you need to know about wire fraud, the crime alleged to be the object or purpose of the conspiracy.  The government need not prove that a defendant actually committed wire fraud, but, in order for you to find a defendant guilty of Count One, the government must prove that a defendant conspired with at least one other person to commit wire fraud.

The elements of the offense are:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of the scheme, the defendants used or caused the use of wire communications in interstate or foreign commerce.

I will explain.

1.     First Element: Existence of a Scheme to Defraud

A "scheme or artifice" is merely a plan for the accomplishment of an object.  A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses or representations. "Fraud" is a general term that embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations.

Thus, a "scheme or artifice to defraud" is any pattern or course of conduct designed to obtain money or property by means of false representations.  The false or fraudulent representation must relate to a material fact or matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.

The deception need not be premised upon spoken or written words alone.    If there is intentional deception, the manner in which it is accomplished does not matter.

In order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.  However, the government is not required to prove that a defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that a defendant actually realized any gain from the

16

scheme or that the intended victim actually suffered any loss. Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

2.    Second Element: Participation in Scheme with Intent

The government must also prove beyond a reasonable doubt is that a defendant agreed to participate in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully."

To act with a "specific intent to defraud" goes further. For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another. State of mind is a question for you to determine. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent may be established by circumstantial evidence, which I explained to you earlier.

As a practical matter, then, in order to sustain a charge of wire fraud, the government must establish that a defendant knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the fraudulent scheme for the purpose of causing some loss to another.

17

3.   Third Element: Use of Interstate Wires

The third and final element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme.  The wire communication must pass between two or more states, or it must pass between the United States and a foreign country.  A wire communication includes a wire transfer of funds between banks in different states, and emails and text messages.

The use of the wires need not itself be a fraudulent representation.  However, it must further or assist in the carrying out of the scheme to defraud.  It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the scheme to defraud.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that a defendant caused the wires to be used by others.  This does not mean that a defendant must specifically have authorized others to make or cause the transfer of funds or other wire communication.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires reasonably can be foreseen, even though not actually intended, then he causes the wires to be used.

To sum up, if the government fails to prove beyond a reasonable doubt that a defendant has conspired to commit wire fraud, you must find that defendant not guilty.  On the other hand, if the government has proved each of the elements of conspiracy to commit wire fraud beyond a reasonable doubt, you should convict.

## II.    COUNTS THREE AND FOUR: SECURITIES FRAUD

Counts Three and Four charge the defendants VITALY KORCHEVSKY and

VLADISLAV KHALUPSKY with securities fraud in connection with the alleged computer

intrusions into PR Newswire (Count Three) and Marketwired (Count Four), in violation of Title

15, United States Code, Section 78j(b) and 78ff, Sections 2 and 3551 et seq., which is a securities

fraud statute.

Count Three alleges:

> In or about and between February 2010 and August 2015, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants VITALY
> KORCHEVSKY and VLADISLAV KHALUPSKY, together with
> [  ] others, did knowingly and willfully use and employ one or
> more manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of the United
> States Securities and Exchange Commission, Title 17, Code of
> Federal Regulations, Section 240.10b-5, by: (a) employing one or
> more devices, schemes and artifices to defraud; (b) making one or
> more untrue statements of material fact and omitting to state one or
> more material facts necessary in order to make the statements
> made, in the light of the circumstances in which they were made,
> not misleading; and (c) engaging in one or more acts, practices and
> courses of business which would and did operate as a fraud and
> deceit upon one or more investors or potential investors in the
> Target Companies that used PR Newswire, in connection with the
> purchases and sales of investments in the Target Companies that
> used PR Newswire, directly and indirectly, by use of means and
> instrumentalities of interstate commerce and the mails.

Count Four alleges:

> In or about and between February 2010 and August 2015, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants VITALY
> KORCHEVSKY and VLADISLAV KHALUPSKY, together with
> [  ] others, did knowingly and willfully use and employ one or
> more manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of the United

19

States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in the Target Companies that used Marketwired, in connection with the purchases and sales of investments in the Target Companies that used Marketwired, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

The Statute and Rule

The relevant statute is Title 15, United States Code, Section 78(b), or Section 10(b) of the Securities Exchange Act of 1934.  Section 78(b) provides that:

[i]t shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .

(b)      to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . ., any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the Securities and Exchange Commission enacted Rule 10b-5, 17 C.F.R. § 240.10b-5, which provides that:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(a)      To employ any device, scheme, or artifice to defraud, or

(b)      To engage in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

20

Securities Fraud – Statutory Purpose

The defendants are charged with violating the Securities Exchange Act of 1934. The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

Securities Fraud: Elements of the Offense

In order to prove the offense of securities fraud charged in Counts Three and Four, the government must prove each of the following elements beyond a reasonable doubt:

First, that in connection with the sale of securities, the defendants did either one of the following:

> (1) employed a device, scheme, or artifice to defraud, or
>
> . . .
>
> (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendants acted willfully, knowingly and with the intent to defraud.

Third, that the defendants knowingly used, or caused to be used, any means or instrumentalities of interstate commerce in furtherance of the fraudulent conduct.

Securities Fraud: First Element - Fraudulent Act

The first element that the government must prove beyond a reasonable doubt that, in connection with the sale of securities, the defendants:

> (1) employed a device, scheme or artifice to defraud, or
>
> . . .

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

It is not necessary for the government to prove both types of unlawful conduct in connection with the purchase or sale of securities. Either one will be sufficient for a conviction, if you so find. But to convict, you must be unanimous as to at least one type of unlawful conduct, and you must find that it has been proven beyond a reasonable doubt.

A device, scheme, or artifice is merely a plan to accomplish an objective. Fraud is a general term that embraces all efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. It is not necessary for the government to prove every false or fraudulent pretense, statement, representation, promise or pattern of conduct specified in the indictment to establish an overall scheme to defraud. Here, if you find that the government has established beyond a reasonable doubt that a fact was omitted or that manipulative or deceptive acts occurred, you must determine whether such conduct, statements, or omissions are material. A material fact is one that would have been significant to a reasonable investor in making an investment decision.

It does not matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or received any benefit as a result of the alleged scheme. Success is not an element of the offense. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the element of intent.

Securities Fraud: Second Element - Acting Knowingly, Willfully And With Intent to Defraud

The second element of securities fraud that the government must prove beyond a reasonable doubt is that the defendant acted knowingly, willfully, and with the intent to defraud.

22

I have already instructed you on the meaning of "knowingly" and "willfully."

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive. The government need not prove that the defendant intended to cause harm to the victims of his securities fraud; rather, the government must show that the defendant had the intent to deceive, manipulate or defraud.

Whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.

The ultimate facts of knowledge and criminal intent, although subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

Securities Fraud: Third Element - Instrumentality of Interstate Commerce

The third and final element of securities fraud that the government must prove beyond a reasonable doubt is that the defendants knowingly used, or caused to be used, means and instrumentalities of transportation or communication in interstate commerce. The Internet, bank wire transfers, interstate or international travel and emails sent over the Internet that traveled across state lines are all "instrumentalities of interstate commerce."

23

It is not necessary that the defendants were directly or personally involved in the use of such instrumentalities. If a defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in the use of instrumentalities of interstate commerce this element is satisfied.

It is not necessary that the items sent using instrumentalities of interstate commerce contain the fraudulent material, or anything criminal or objectionable.

The use of instrumentalities of interstate commerce need not be central to the execution of the scheme. All that is required is that the use of instrumentalities of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

Aiding and Abetting

The indictment also charges the defendants with aiding and abetting the securities fraud crimes charged in Counts Three and Four. Section 2(a) of Title 18 of the United States Code, provides that:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. In order for the defendants to be found guilty of aiding and abetting a crime, the government must prove each of the following two elements beyond a reasonable doubt:

> First, the government must prove that another person actually committed the crime with which that defendants are charged; and

24

> Second, the government must prove that the defendants aided or abetted that person in the commission of the offense.

With respect to the first element, the government must prove beyond a reasonable doubt that another person has committed the crime charged. The defendants cannot be convicted of aiding and abetting the criminal acts of another if no crime was committed by another person in the first place.

With respect to the second element, in order to aid or abet someone to commit a crime, it is necessary that the defendants knowingly aided another person in committing a crime, with the intent to facilitate the crime and make it succeed. To establish that the defendants knowingly aided another person with the intent to facilitate a crime, the government must prove that the defendants acted knowingly and intentionally. I have already instructed you regarding the meaning of "knowingly" and "intentionally." Thus, with respect to Counts Three and Four, the government would have to prove that the defendants knew and intended that securities fraud would take place.

To prove that a defendant aided and abetted the commission of the crime, the government must prove that the defendants engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime. The mere presence of the defendants, however, where a crime is being committed, even coupled with knowledge that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some stake or some interest in the outcome of the criminal venture.

25

To determine whether each defendant aided and abetted the commission of the crime with which he is charged, ask yourselves these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?
- Did the defendant associate himself with the criminal venture knowingly and willfully?
- Did the defendant seek by his actions to make the criminal venture succeed?

If your answer to each of these questions is "yes," then the defendant is an aider and abettor and therefore responsible for securities fraud and guilty of the offense charged just as if he had committed the act or offense himself.  If, on the other hand, your answer to any of these questions is "no," then the defendant is not an aider and abettor, and you must conclude that he is not guilty as an aider and abettor.

26

### III.   COUNT TWO: CONSPIRACY TO COMMIT SECURITIES FRAUD AND COMPUTER INTRUSIONS

Count Two of the indictment charges VITALY KORCHEVSKY and VLADISLAV

KHALUPSKY with a conspiracy to commit securities fraud and computer intrusions, in

violation of Section 371 of Title 18 of the United States Code.  Count Two provides that:

> In or about and between February 2010 and August 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VITALY KORCHEVSKY and VLADISLAV KHALUPSKY, together with others, did knowingly and willfully conspire to:
>
> > (a)   use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (i) employing devices, schemes and artifices to defraud; (ii) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (iii) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in the Target Companies, in connection with the purchase and sale of investments in the Target Companies, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff; and
> >
> > (b)   access one or more computers without authorization and exceed authorized access, and thereby to obtain information from one or more protected computers for the purpose of commercial advantage and private financial gain, and in furtherance of criminal and tortious acts in violation of the laws of the United States and any State, and the value of the information obtained exceeded $5,000, contrary to Title 18, United States Code, Sections 1030(a)(2), 1030(b), 1030(c)(2)(A) and 1030(c)(2)(B).

(Title 18 United States Code, Sections 371 and 3551 et seq.)

The relevant conspiracy statute with regard to Count Two is Title 18, United States Code,

Section 371.  It provides:

27

> If two or more persons conspire…to commit any offense against
> the United States…,and one or more of such persons do any act to
> effect the object of the conspiracy each [is guilty of an offense
> against the United States].

The conspiracy charged in Count Two is a conspiracy with two objects: (1) to commit

securities fraud, and (2) to obtain information from a protected computer without authorization.

You only need to find that a defendant conspired to commit one of these two objects— namely,

securities fraud or obtaining information from a protected computer without authorization—to

find that defendant guilty of the conspiracy charged in Count Two.

I have already instructed you on the definition of conspiracy. The same instructions

regarding conspiracy apply to Count Two, with two additional elements that I will explain.

Specifically, the government must prove, beyond a reasonable doubt:

1) That one of the members of the conspiracy knowingly and willfully committed at

   least one of the overt acts charged in the indictment, at or about the time and place

   alleged; and

2) That at least one overt act charged in the indictment was committed to further some

   objective of the conspiracy charged in Count Two.

   The overt acts alleged in the indictment are as follows:

   a) On or about November 26, 2010, Pavel Dubovoy sent an email
      to [Alexander] Garkusha that contained instructions on how to
      download the hacked press releases.

   b) On or about December 9, 2010, Garkusha sent an email to a co-
      conspirator,[Rudik Gevorgyan], containing instructions on how
      to download the hacked press releases and advising how to
      conceal one's IP address while viewing the hacked press
      releases.

   c) On or about May 23, 2012, [Leonid] Momotok bought
      approximately 3,000 put options of HPQ stock at

approximately 3:54 PM, which was between the time that the press release was uploaded onto PR Newswire's servers and the time that the related press release was disclosed to the public.

d) On or about April 26, 2013, [defendant VITALY] KORCHEVSKY sent an email to Igor Dubovoy stating that they "got the numbers right" but that the market's "reaction [was] mixed" in response to instructions to sell the stock.

e) On or about December 18, 2013, Khalupsky sent an email from his Gmail email account to his Yahoo! email account, attaching an unreleased native file version of an Oracle press release.

In order for the government to satisfy the first of these two additional elements, it is not required that all of the overt acts alleged in the indictment be proven or that the overt act was committed at precisely the time alleged in the indictment. It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated. Similarly, you need not find that the defendant himself committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

Thus, proof of an overt act by only one of the co-conspirators is sufficient. All that is required is that you all agree that the same overt act was committed.

In order for the government to satisfy the second of these two additional elements, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy as charged in the indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.

29

Therefore, you are instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

If you find that a defendant was a member of the conspiracy charged in the indictment, then, any foreseeable acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against that defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

As with conspiracy to commit wire fraud, discussed above, a defendant may be found guilty of conspiracy to commit securities fraud or conspiracy to obtain information from a protected computer without authorization, even if that defendant was incapable of committing the underlying substantive crimes. Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded. However, the government must prove beyond a reasonable doubt that the defendant you are considering conspired with at least one other person with the intent of committing each element of securities fraud or obtaining information from a protected computer without authorization.

A.      First Object or Purpose of the Conspiracy – Securities Fraud

The first crime alleged to be the object or purpose of the conspiracy alleged in Count Two is securities fraud. I have already instructed on the substantive crime of securities fraud.

The government must prove beyond a reasonable doubt is that the purpose of the conspiracy was to commit securities fraud, and that the defendants knowingly and intentionally joined that conspiracy.

30

Again, with respect to this conspiracy count, as with all conspiracy counts, the government need not prove that the object offense or offenses were committed, but only that the defendant conspired to commit the offense.

B. Second Object or Purpose of the Conspiracy – Obtaining Information from a Protected Computer Without Authorization

The second offense alleged to be the object or purpose of the conspiracy alleged in Count Two is obtaining information from a protected computer without authorization.

The relevant statute with regard to the second object of the conspiracy charged in Count Two of the indictment is Title 18, United States Code, Section 1030(a)(2), which provides, in relevant part:

> [Whoever] intentionally accesses a computer without authorization
> or exceeds authorized access, and by means of such conduct
> obtains . . . information from any protected computer [shall be
> guilty of an offense].

1. Obtaining Information from a Protected Computer Without Authorization – Elements of the Offense

The elements of this offense are as follows: 1) the intentional and unauthorized accessing of protected a computer; 2) for commercial or private gain, or where the value of the information obtained was greater than $5000.00.

The computer the defendants conspired to access must be a "protected computer" as defined in the statute. The statue defines a protected computer as a computer used in or affecting interstate or foreign commerce or communication. Interstate or foreign commerce or communication means simply the movement of goods and services or communications, between states or between the United States and other countries.

31

The phrase "commercial advantage or private financial gain" should be given its ordinary meaning. "Commercial advantage" is a profit or gain in money or property obtained through business activity. "Private financial gain" is profit or gain in money or property specifically for a particular person or group.

The government is not required to prove that the defendant actually realized some financial gain, although, of course, you may consider evidence that the defendants did or did not receive financial gain in deciding whether each defendant acted for the purpose of achieving financial gain, or the offense was committed in furtherance of a criminal act, or the value of the information obtained was greater than $5,000.

Again, the government need not prove computer intrusion. In order to convict a defendant on the basis of this object offense, you must find that the government has proved beyond a reasonable doubt that a defendant conspired to commit computer intrusion.

***

I also remind you that, in order to find the defendants guilty as to Count Two, you need only to find that the defendants conspired to commit one of the two objects of the conspiracy, namely, securities fraud or obtaining information from a protected computer without authorization. However, you must be unanimous as to at least one object of the conspiracy that your verdict is based upon.

If you find that the government has not proven any one of the elements beyond a reasonable doubt as to a defendant, then you must find that defendant not guilty. On the other hand, if you do find that the government has proven all the elements beyond a reasonable doubt as to a defendant, then you should find that defendant guilty.

32

## IV.    COUNT FIVE: CONSPIRACY TO COMMIT MONEY LAUNDERING

Count Five of the indictment charges the defendants VITALY KORCHEVSKY and

VLADISLAV KHALUPSKY with conspiring to engage in money laundering with two objects.

Specifically, Count Five provides:

> In or about and between February 2010 and August 2015, both
> dates being approximate and inclusive, within the Eastern District
> of New York and elsewhere, the defendants VITALY
> KORCHEVSKY and VLADISLAV KHALUPSKY, together with
> [ ] others, did knowingly and intentionally conspire to transport,
> transmit and transfer monetary instruments and funds from one or
> more places in the United States to one or more places outside the
> United States, and from one or more places outside the United
> States to and through one or more places in the United States, (i)
> with the intent to promote the carrying on of specified unlawful
> activity, to wit: wire fraud, in violation of Title 18, United States
> Code, Section 1343, and fraud in the sale of securities, in violation
> of Title 15, United States Code, Sections 78j(b) and 78ff (the
> "Specified Unlawful Activities"), contrary to Title 18, United
> States Code, Section 1956(a)(2)(A), and (ii) knowing that the
> monetary instruments and funds involved in the transportation,
> transmission and transfer represented the proceeds of some form of
> unlawful activity and knowing that such transportation,
> transmission and transfer was designed in whole and in part to
> conceal and disguise the nature, location, source, ownership and
> control of the proceeds of the Specified Unlawful Activities,
> contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Section 1956(h))

### A.    Conspiracy

The relevant conspiracy statute in connection with Count Five of the indictment is Title

18, United States Code, Section 1956(h), which provides, in pertinent part, that:

> Any person who conspires to commit [money laundering] shall [be
> guilty of an offense].

You will apply my instructions on conspiracy.

33

As a reminder, the three elements the government must prove beyond a reasonable doubt are:

> First, that a defendant and at least one other person entered into an agreement to engage in money laundering, a crime I will define for you; and

> Second, that the defendant knowingly and intentionally was or became a member of the conspiracy; and

> Third, that the objective of the conspiracy was to commit an unlawful act.

B.   First Purpose or Object of the Money Laundering Conspiracy – Unlawful Transportation of Monetary Instruments or Funds

The first offense alleged to be the object or purpose of the conspiracy alleged in Count Five is unlawful transportation of funds or monetary instruments.

The relevant statute in connection with the first object of the money laundering conspiracy charged in Count Five – unlawful transportation of funds or monetary instruments – is Title 18, United States Code, Section 1956(a)(2)(A), which provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . with the intent to promote the carrying out of specified unlawful activity [shall be guilty of an offense].

C.   Unlawful Transportation of Funds or Monetary Instruments – Elements of the Offense

The unlawful transportation of funds or monetary instruments with the intent to promote the carrying on of specified unlawful activity in violation of section 1956(a)(2)(A) includes the following two elements: 1) the transportation, or attempted transportation, of a monetary instrument or funds from a place in the United States to or through a place outside the United

States or to a place in the United States from or through a place outside the United States; and 2) the transportation or attempted transportation was done or attempted with the intent to promote the carrying on of specified unlawful activity.

      1.    First Element – Transportation of a Monetary Instrument or Funds to or from the United States

The first element that the government must prove beyond a reasonable doubt is that the defendant conspired to transport, or attempted to transport, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transportation" is not a word which requires a definition; it is a word which has its ordinary, everyday meaning.  The government need not prove that the defendants physically carried the funds or monetary instrument in order to prove that they are responsible for transporting it.  All that is required is proof that a defendant caused the funds or monetary instrument to be transported.

To satisfy this element, the government must also prove that the funds or monetary instruments were transported from somewhere in the United States to or through someplace

35

outside the United States, or to someplace in the United States from or through someplace outside the United States.

        2.     Second Element--Intent to Promote Specified Unlawful Activity

The second element is that the defendant conspired to act with intent to promote the carrying on of specified unlawful activity, namely wire fraud or securities fraud.

        D.     Second Purpose or Object of the Money Laundering Conspiracy –
               Unlawful Transportation of Monetary Instruments or Funds to Conceal Origin of
               Property

The second offense alleged to be the object or purpose of the money laundering conspiracy is transportation of monetary instruments or funds to conceal origin of property.  As a reminder, the government need not prove both objects of the alleged money laundering conspiracy.  It is sufficient if the government proves one of them.

The relevant statute in connection with the second object of the money laundering conspiracy charged in Count Five – transportation of monetary instruments or funds to conceal origin of property – is Title 18, United States Code, Section 1956(a)(2)(B)(i), provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States . . . knowing that the monetary instrument or funds involved in the transportation, trans-mission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [shall be guilty of an offense].

E.   Transportation of Monetary Instruments or Funds to Conceal Origin of Property –
     Elements of the Offense

In order to prove the offense of knowing transportation of unlawful funds or monetary

instruments in violation of section 1956(a)(2)(B), the government must establish: 1) that the

defendant transported, or attempted to transport, a monetary instrument or funds from a place in

the United States to or through a place outside the United States or to a place in the United States

from or through a place outside the United States; 2) that the defendant did so with knowledge

that the monetary instrument or funds involved represent the proceeds of some form of unlawful

activity; and 3) that the defendant did so with knowledge that the transportation was designed in

whole or in part to conceal or disguise the nature, location, source, ownership or control of the

proceeds of wire fraud or securities fraud.

1.   First Element – Transportation of a Monetary Instrument or Funds to or
     from the United States

The first element of this offense is that the defendant transported, or attempted to

transport, a monetary instrument or funds from a place in the United States to or through a place

outside the United States, or to a place in the United States from or through a place outside the

United States.

2.   Second Element – Knowledge That Property Involved Was the Proceeds
     of Unlawful Activity

The second element is that the defendants knew that the property involved in the financial

transaction was the proceeds of some form of unlawful activity.

I instruct you that wire fraud or securities fraud are felonies. The term "proceeds" means

any property derived from or obtained or retained, directly or indirectly, through some form of

unlawful activity, including the gross receipts of such activity.

37

3.     Third Element – Knowledge of the Unlawful Purpose of the Transportation

The third element that the government must establish is that the defendant conspired to transport the property involved in the transaction with knowledge that the transportation was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of wire fraud or securities fraud. Proof only that the funds were concealed is not sufficient to satisfy this element. Instead, the government must prove that the purpose of the transportation was to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the defendants knew that this was the purpose of the transportation.

Again, I remind you that the government need not prove each of these objective offenses in order for you to convict the defendant of the money laundering conspiracy charged in Count Five. Rather, what the government must prove beyond a reasonable doubt is that the defendant knowingly and intentionally joined a conspiracy to commit those money laundering offenses.

If the government fails to prove beyond a reasonable doubt that a defendant has conspired to commit money laundering, you must find the defendant not guilty. On the other hand, if the government has proved that a defendant has conspired to commit money laundering beyond a reasonable doubt, you should convict.

VENUE

In addition to the foregoing elements of the offenses, the government must prove, for each offense, that venue is proper in the Eastern District of New York. Unlike the elements of the counts, which the government must prove beyond a reasonable doubt, the government must prove venue by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the

38

evidence means the greater weight of the evidence, both direct and circumstantial. It refers to the quality and persuasiveness of the evidence, not to the quantity of evidence.

As I have previously instructed, the Eastern District of New York encompasses the boroughs of Queens, Brooklyn (also known as Kings County), Staten Island (also known as Richmond County), and the counties of Suffolk and Nassau, New York.

To establish venue in this district, the government need not prove that the crimes themselves were committed in this district or that the defendants themselves were present here. It is sufficient to satisfy this requirement if any act in furtherance of the crimes occurred within this district.

With respect to the conspiracies charged in Counts One, Two, and Five, that is, conspiracy to commit wire fraud, conspiracy to commit securities fraud and computer intrusions, and conspiracy to commit money laundering, venue may be properly found in any district where the agreement was formed or where an act in furtherance of the conspiracy occurred. If you find that the government has failed to prove that any act in furtherance of a crime occurred within this district, then you must find the defendant not guilty on the count you are considering. The government must prove that it is more likely than not that an agreement was formed or that an act in furtherance of each conspiracy was committed in the Eastern District of New York. In this regard, the government need not prove that the crime charged was committed in the Eastern District of New York or that the defendants or any alleged co-conspirator was even physically present here. It is sufficient to satisfy the venue requirement if an act in furtherance of the conspiracy occurred within the Eastern District of New York. This includes not just

acts by the defendants or any alleged co-conspirator, but also acts that the conspirators caused others to take that materially furthered the ends of the conspiracy.

For the securities fraud charged in Counts Three and Four, venue is proper under the relevant statute, 15 U.S.C. § 78aa(a), if you find that (1) the defendant intentionally and knowingly caused an act or transaction constituting a securities fraud to occur within the Eastern District of New York, or (2) it was foreseeable that such an act or transaction would occur in the Eastern District of New York and it did. The government also must prove that the act or transaction must be a part of the actual crime of securities fraud and not merely a step taken in preparation for the commission of the crime.

I remind you that the government must prove venue by a <u>preponderance of the evidence</u>. That means that the evidence must show with respect to each count that it is more likely than not that venue is proper in the Eastern District of New York. The preponderance of the evidence standard applies only to venue. The government must prove each of the elements of each of the charged offenses beyond a reasonable doubt.

<u>CONSCIOUS AVOIDANCE</u>

As I explained, the government is required to prove that the defendants acted knowingly.

In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the defendant acted with (*or* that the defendant's ignorance was solely and entirely the result of) a conscious purpose to avoid learning the truth, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish or mistaken.

If you find that the defendant was aware of a high probability that the press releases were stolen and that the defendant acted with deliberate disregard of the fact, you may find that the defendant acted knowingly. However, if you find that the defendant believed that the information was lawfully obtained, he must be found not guilty.

It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

## THEORY OF THE DEFENSE

### KORCHEVSKY'S THEORY

Mr. Korchevsky has raised as a defense that he did not knowingly and intentionally access stolen press releases or trade on non-public information from 2011 to 2015. He contends that he never joined in a conspiracy with the Dubovoys to violate the wire fraud, computer intrusion, or securities fraud statutes. Mr. Korchevsky also raises as a defense that he never knowingly or intentionally engaged in any money transaction, either with the Dubovoys or with anybody else, designed to facilitate or conceal a crime.

### KHALUPSKY'S THEORY

Similarly, Mr. Khalupsky contends that the government has failed to prove, beyond a reasonable doubt, that there was an agreement between him and any other persons to engage in unlawful conduct. The defense maintains that Mr. Khalupsky was not engaged in any conspiracy to commit wire fraud, securities fraud, computer intrusion, or money laundering. Nor did he commit securities fraud in the Eastern District of New York or elsewhere. The defense contends that Mr. Khalupsky entered into an authorized trading agreement that ultimately led to a legitimate business relationship.

## PART III: GENERAL PRINCIPLES

CREDIBILITY

In deciding whether or not the government has proven beyond a reasonable doubt the offenses I have described to you, you must weigh the evidence before you. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. The assumption that a witness will speak the truth may be dispelled by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given, or by evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and other matters in evidence which tend to indicate whether a witness is worthy of belief. Your determination of the issue of credibility very largely must depend upon the impression that a witness makes upon you as to whether or not he or she is telling the truth or giving you an accurate version of what occurred.

INTERESTED WITNESSES

Consider each witness' motive and state of mind, possible partisanship in the case, and demeanor and manner while on the stand. Consider particularly the relationship each witness bears to either side of the case, the nature of that relationship, the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The question really is, how did the witness impress you? Did the witness' version appear straightforward and candid or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or truthfully or to shade the testimony

42

offered?  In other words, what you try to do, in plain English, is to size the person up, just as you would do in any important matter when you are undertaking to determine whether or not a person is being truthful, candid, straightforward, or otherwise reliable.

## COOPERATING WITNESS

You have heard the testimony of three witnesses who testified under agreements with the government.  Under each agreement, the witness agreed to testify and the government promised to bring his cooperation to the attention of the appropriate sentencing court.

You should bear in mind that a cooperating witness has an interest in this case different from any ordinary witness.  A witness who realizes that he may be able to avoid prosecution, obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution has a motive to testify falsely.  Therefore, you must scrutinize such testimony with caution and weigh it with great care.

You should ask yourselves whether the witness would benefit more by lying, or by telling the truth.  Was the testimony made up in any way because he believed or hoped to somehow receive favorable treatment by testifying falsely?  Or did the witness believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain or advantage, was the motivation one which would cause the witness to lie, or was it one which would cause him to tell the truth?  Did this motivation color the testimony?  If, after examining the testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Further, you are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that a prosecution witness has pleaded guilty to a criminal charge. A witness' decision, or anyone's decision, to plead guilty is a personal decision about his own guilt. It may not be used by you as evidence of the defendants' guilt.

## PRIOR INCONSISTENT STATEMENTS

You have heard evidence that witnesses made statements on earlier occasions that counsel argues are inconsistent with the witnesses' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on a defendant's guilt or innocence. Evidence of what counsel argues are arguably prior inconsistent statements was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who arguably contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether the explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the statement in determining whether to believe all or part of the witness' testimony.

44

GOVERNMENT EMPLOYEE AND LAW ENFORCEMENT WITNESSES

You have heard the testimony of government employees and law enforcement officials. The fact that a witness may be employed by the government or as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any ordinary witness. You should evaluate such testimony in the same manner as you would the testimony of any other witness.

DEFENDANT'S STATEMENTS

There has been evidence that a defendant made certain statements in which the government claims he admitted certain facts charged in the indictment. In deciding what weight to give a defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

OPINION WITNESSES

During the trial, you heard the testimony of "opinion witnesses," sometimes referred to as expert witnesses, who, unlike other witnesses, were permitted to offer their opinions on matters about which they have special knowledge and training.

A witness who qualifies as an opinion witness because of experience, training, and knowledge of scientific or technical matters is permitted to testify as to opinions on these matters. You may consider these opinions and give them such weight as you think they deserve. When you evaluate the weight of this testimony, you should consider the education and experience of the witness and the facts upon which the witness based his or her opinion.

45

However, no opinion is binding on your determinations, and you may reach opposite conclusions on the basis of other evidence in the case.  If you decide that the witness's opinion is not based on sufficient knowledge, or that the reasons given in support of the opinion are not sound, or that other evidence outweighs the opinion, you may disregard the opinion altogether.

## INVESTIGATIVE TECHNIQUES

You have heard some arguments that the government did not utilize specific investigative techniques.  You may consider such facts in deciding whether the government has met its burden of proof, because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty or not guilty of a particular charge.

However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.  Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendants' guilt has been proved beyond a reasonable doubt.

## CHARACTER EVIDENCE

The defendant Korchevsky called witnesses who gave their opinions of his good character.  This testimony is not to be taken by you as the witness's opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine.  You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

46

Accordingly, if after considering all the evidence, including testimony about the defendant's good character, you find a reasonable doubt has been created, you must find him not guilty of all the charges.

On the other hand if, after considering all the evidence, including that of the defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you must not find him not guilty because you believe him to be a person of good character.

## CHARTS AND SUMMARIES

During the course of the trial, the government provided certain charts and summaries. These were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they are based. You are entitled to consider the charts and summaries if you find that they assist you in analyzing and understanding the evidence.

## INTERPRETERS

You have seen that some portions of documents admitted into evidence were in foreign languages, including Ukrainian and Russian. For that reason, it was necessary to obtain translations of these materials into English. The translations of those portions of the documents and recordings embody the testimony of interpreters. As such, those portions of the material

47

reflecting the foreign language-to-English translation have also been admitted into evidence. To the extent some of you may know Russian or Ukrainian, it is important for all jurors to consider the same evidence. For this reason, you must base your decision on the evidence presented in the English translation.

## INTERVIEW OF WITNESSES

There was testimony at trial that the attorneys interviewed witnesses when preparing for trial. You should understand that attorneys are obliged to prepare their case as thoroughly as possible and, in the discharge of that responsibility, properly interview witnesses before trial and as necessary throughout the course of the trial.

## STATEMENTS OF COUNSEL

The statements, comments, arguments, and tone of voice of the attorneys do not constitute evidence. Nor does anything I have said or done.

## JURORS' RECOLLECTION GOVERNS

Your recollection governs. Nobody else's. Not the Court's—if I have made reference to the testimony—and not counsel's recollection. It is your recollection that must govern during your deliberations. If necessary during those deliberations, you may request a reading from the trial transcript that may refresh your recollection. The evidence in the case, however, resides within your collective recollection.

Please, as best you can, try to be as specific as possible in your requests for read backs; in other words, if you are interested only in a particular part of a witness' testimony, please indicate that to us. It may take some time for us to locate the testimony

in the transcripts, so please be patient. And, as a general matter, if there is ever a delay in responding to a jury note, please understand there is a reason for it. None of us goes anywhere. As soon as a jury note is delivered to the Court by the Marshal, we turn our attention to it immediately. A deliberating jury takes priority over all other court business.

If you have any questions about the applicable law and you want a further explanation from me, or if you want to see any or all of the exhibits, send me a note. I do not automatically send exhibits into the jury room, but you can ask for whatever exhibits you would like to review.

INFERENCES

The attorneys in summing up have asked you to draw certain inferences from the evidence in this case. Any inference you draw must be reasonably based on the evidence, and you may infer only such facts that your reason and common sense lead you to believe follow from the evidence. You are not to engage in speculation based on matters that are not in evidence.

DELIBERATIONS

You are entitled to your own opinions but you should exchange views with your fellow jurors and listen carefully to each other. Do not hesitate to change your opinion if you are convinced that another opinion is correct. But each of you must make your own decision.

JURY CHARGE

In a few minutes, I will supply you with several copies of my instructions.  If you refer to these instructions, keep in mind that you should consider them as a whole.  Each part of these instructions is important in your deliberations.  And, most importantly, do not let my giving you my instructions discourage you from requesting further instructions or clarification from the Court.

UNANIMOUS VERDICT

Any verdict you reach must be unanimous.  You must all agree as to whether your verdict is guilty or not guilty.

VERDICT FORM

Shortly after you retire to the jury room, you will also be given a verdict form which may well be self-explanatory.  Needless to say, if you have any questions about the verdict form, do not hesitate to ask the Court for further instructions.  When you are ready to report your verdict, check the verdict form carefully so that it accurately reflects the jury's verdict, and bring it to the courtroom when summoned by the Court.

COMMUNICATION WITH COURT

If you wish during your deliberations to communicate with the Court, for any reason, send me a note through the Marshal.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing; and the Court will never communicate with any member of the jury on any subject touching the merits of the case, other than in writing, or, more likely than not, orally here in open court.

NO DISCUSSION

You will not discuss this case with anyone outside the jury room. And that includes your fellow jurors. You will only discuss the case when all 12 deliberating jurors are together, in the jury room, with no one else present, behind the closed door. At no other time is there to be any discussion about the merits of the case. Period.

FOREPERSON

In order that your deliberations may proceed in an orderly fashion, you should have a foreperson. Traditionally, Juror number 1 acts as foreperson. Of course, the foreperson's vote is entitled to no greater weight than that of any other juror.

NOT TO REVEAL STATUS

Bear in mind also that you are not to reveal to any person – not even to the Court – how the jury stands numerically on the question of whether a defendant is guilty or not guilty, until after you have reached a unanimous verdict. At that time, you should simply send me a note saying, "We have reached our verdict." You will be summoned to the courtroom and I will take the verdict.

OATH

Your oath sums up your duty -- and that is, without fear or favor to any person, you will well and truly try the issues before these parties according to the evidence given to you in court, and the laws of the United States.

END OF JURY CHARGE