UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

VITALY KORCHEVSKY,

                    Petitioner,

   -against-

                                    **MEMORANDUM OF DECISION**

UNITED STATES OF AMERICA,         22 CV 6668  (RJD)
                                      15 CR 381    (RJD)

                    Respondent

------------------------------------------------------

RAYMOND J. DEARIE, United States District Judge

Proceeding pro se, petitioner Vitaly Korchevsky seeks to vacate his 2018 conviction for securities and wire fraud conspiracies and related substantive offenses.  Korchevsky was convicted after a jury trial and sentenced to five years imprisonment;  his conviction was affirmed by the Circuit and his petition for certiorari was denied on January 10, 2022.  United States v. Khalusky and Korchevsky, Nos. 19-197-cr, 19-780-cr (2d Cir. 2021).  Korchevsky alleges three claims.  For the first time,  he complains of prosecutorial misconduct at the time of the trial and alleges that a government witness committed perjury when testifying at trial.  He also charges that his retained trial team denied him effective assistance.  The government opposes in a comprehensive letter dated April 17, 2023.  ECF No. 507.  The petition is timely.

1

The Court assumes the parties' thorough familiarity with all prior proceedings. Trial testimony will be referenced only when necessary to respond to the arguments and contentions of the parties. Further the applicable legal standards and well-established precedents are reflected in the government's submission and will be referenced in the following as necessary.

As a preliminary matter, it does appear that at least some of petitioner's claims are foreclosed since he did not raise them previously before this Court or on appeal. In the exercise of caution, I will address these two claims before turning to his ineffective assistance of counsel argument.

**Alleged Perjury**

Korchevsky essentially repeats a defense trial argument that a government witness lied under oath during his trial testimony. There is nothing new here. The challenge to the witness's credibility was pressed during vigorous cross examination and argued on summation by defense counsel and flatly rejected by the jury. The attempt to reargue the point now within the four corners of a 2255 petition, without substance or elaboration, and in the face of the government's impressive evidence is easily rejected. "Reversal of a conviction based upon allegations of perjured testimony should be granted only with great caution and in the most extraordinary circumstances." United States v. Zichettello, 208 F3d 72,102 (2dCir. 2000). The affidavit submitted by Korchevsky offers no specifics or elaboration and Korchevsky's own view of the evidence, even if sincerely maintained, is not an

appropriate subject for collateral review and essentially runs contrary to the jury's own determinations and verdict.

**Prosecutorial Misconduct**

In a somewhat related claim, Korchevsky points the finger of prosecutorial misconduct at the government. This newly minted claim is largely based on conclusory assumptions and is in significant ways contradicted by Korchevsky's own supporting witness. Complaining of witness intimidation, Korchevsky asserts that the government served the witness Zalivchii with a trial subpoena, dispatched an FBI agent to his home in the weeks before trial, and sought his cooperation when he appeared in the courtroom during trial. Korchevsky seems particularly aggrieved by the fact that the government characterized Zalivchii, a thirty-year friend of his, as a subject of the investigation when the government, as well as defense counsel, brought to the Court's attention that the witness may have some criminal exposure in the event he testified at trial. The Court admonished the potential witness and offered to provide him with counsel at no cost. Zalivchii declined to speak with counsel but "was prepared to testify until he was not called by defense counsel for strategic reasons." The government's actions therefore do not appear to have made Zalivskii unwilling to testify for the defense. The claim of prosecutorial misconduct, even accepting Korchevsky's apparently groundless assertions, cannot be sustained.

**Assistance of Counsel**

3

Like countless applicants before him, Korchevsky resorts to attacking his retained lawyers in a barrage of largely conclusory criticisms that are contradicted by the record and his prior counsel or reflect the well-informed strategy of experienced attorneys.  It is essentially the theme of his entire lengthy petition.  In his unfortunate second-guessing of his long-standing attorneys, he presents a series of purported shortcomings that he asserts deprived him on his constitutional right to effective assistance.  He somehow complains about counsel's purported failure to cross-examine cooperating witnesses; counsel's decision not to call a technology expert; and counsel's purported  failure to address evidence of the "LOSCAL" email address, evidence of his accessing  certain brokerage accounts, and  the testimony of the government's trading expert.  And finally, he complains about counsel's failure to call additional defense witnesses and, inexplicably, he faults his attorneys on their advice regarding his possible trial testimony.

Korchevsky misses the mark by the widest of margins.  Any claim that counsel came up short during their cross-examinations is simply belied by the trial transcript.  In the face of insurmountable evidence, defense counsel cleverly and diligently tried to undermine the credibility of the government's case without inviting damaging re-direct testimony or additional evidence.  No easy task. Informed strategic decisions guided the defense in a case when compelling evidence of guilt confronted counsel.  *See United States v. Arnold,* 126 F.3d 82, 89 (2dCir.1997).  For example, counsel and the government more than adequately explain the defense decision not to call a technology expert since such a witness

4

would necessarily have supported an important element of the government's case. Indeed, Mr. Brill explains in his affidavit that the technology expert was retained long before the trial, as he explained to Mr. Korchevsky, to organize and extract limited electronic evidence, not to testify at trial. And contrary to Korchevsky's assertions, the trial record demonstrates that his attorney did address evidence of Korchevsky's accessing certain brokerage accounts and the testimony of the government trading expert.

Similarly, Korchevsky's criticism of counsel regarding the LOSCAL email address is unfounded and to some degree misstates the trial evidence. The evidence established Korchevsky's connection to the email address without little room for doubt. Defense counsel wisely chose not to confront it but instead made his points during summation without facilitating the government's counterargument that Korchevsky exhibited consciousness of guilt by deleting evidence from his phone, an observation Korchevsky does not share with the Court.

The defense called five character witnesses at trial. Yet Korchevsky complains that defense counsel should have called more and he does so without even suggesting who else should have been called (had the Court permitted it) and what such testimony they would have added. He does assert that Zalivchii should have been called, ignoring the fact that a highly incriminating email would have inevitably surfaced during cross examination had the defense done so.

In sum Korchevsky's second guessing, summary complaints and distortions are more than adequately addressed by Mr. Brill in his affidavit and in the

5

government's response of April 17th. There is no indication that counsel's

representation, over a period of more than six years, was constitutionally deficient

or that any decision of counsel prejudiced Korchevsky. That said, there is one final

complaint of his that the Court must address. Korchevsky argues that his

attorneys "misled the Defendant and his family about the importance and necessity

of the Defendant to take a witness stand." Motion at 15. In its opposition letter of

April 17, 2023, the government addresses and clarifies this flagrant ambiguity:

> Notably, Korchevsky does not claim that he was not
> advised [by counsel and the Court] of his rights to testify,
> that he was not advised it was his personal decision to
> testify or that he did not discuss the decision with his
> attorneys. Moreover he does not argue that counsel
> overrode his decision to testify. Instead, Korchevsky
> simply asserts that they 'debated' the issues and his
> attorneys tried to 'convince' him not to testify and he
> followed their advice."

There is little to say in the wake of Korchevsky's concessions. Although Mr.

Brill tells the Court that his client calmly accepted counsel's advice, Korchevsky

would have this Court conclude that counsel somehow denied him his right to

testify despite Korchevsky's express assurances otherwise to the Court. And the

notion that he was somehow prejudiced by not testifying in the face of the

government's evidence without even a hint of what he might have said approaches

the laughable.

Despite Korchevsky's shallow and unfortunate second-guessing about the

quality of his attorneys' representation, an honest assessment would not question

their skill and preparedness or their diligent dedication to his defense in the face of

overwhelming evidence.  To the extent that Korchevsky's finger-pointing questions

counsels' strategy and decision making, both Mr. Brill in his affidavit and the

government in its letter in opposition have convincingly demonstrated that

Korchevsky's constitutional right to effective assistance of counsel was in no way

threatened or impaired.


     The petition is dismissed.  A certificate of appealability will not issue.


Dated:    October 26, 2023
            Brooklyn, New York



                        SO ORDERED:


*Raymond J. Dearie*
_____
RAYMOND J. DEARIE
United States District Judge